Raul ZAVALA–ARREVALOS, aka
Raul Zavala, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 10–72258.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 10, 2014.*

Filed Oct. 15, 2014.

Delia Salvatierra, Esquire, Law Office of
Delia Salvatierra, P.C., Mesa, AZ, for Petitioner.

Chief Counsel Ice, Office of the Chief
Counsel Department of Homeland Security, San Francisco, CA, Derek C. Julius,
Oil, Katherine Ann Smith, Trial, DOJ–U.S.
Department of Justice, Washington, DC,
for Respondent.

Before: WALLACE, SILVERMAN,
and M. SMITH, Circuit Judges.

MEMORANDUM **

Raul Zavala–Arrevalos (Zavala), a native
and citizen of Mexico, petitions for review
of a decision of the Board of Immigration
Appeals (BIA) denying his motion for remand.[1] Because the parties are familiar
with the facts and procedural history of
this case, we repeat only those facts necessary to resolve the issues raised on appeal.
We deny the petition for review.

The BIA did not err in denying Zavala's
motion for remand. Zavala argues that
his due process rights were violated because he was not competent to represent
himself in removal proceedings before the
IJ. He asks for a new opportunity to present evidence relating to his positive equities in support of his application for cancellation of removal. More specifically,
Zavala asserts that he would present evidence concerning hardship to his son and
wife due to his son's expulsion from school,
which was caused by Zavala's detention
and absence.

To prevail on a due process claim, a
petitioner must demonstrate error and
substantial prejudice. *Lata v. I.N.S.*, 204
F.3d 1241, 1246 (9th Cir.2000). We will
not presume prejudice. *Id.* Zavala fails to
demonstrate substantial prejudice. Zavala
raises no argument concerning how the
evidence he wishes to present would offset
his strong negative factors, including his
extensive criminal history, drug abuse, and
lack of genuine rehabilitation. He merely
argues that no showing of prejudice is
required, but we have squarely rejected
this argument. *See id.*

In light of his failure to establish prejudice, Zavala's due process claim fails. Accordingly, the BIA did not err in denying

---

* The panel unanimously concludes this case is
  suitable for decision without oral argument.
  *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The BIA also affirmed the Immigration
   Judge's discretionary denial of cancellation of
   removal. Because Zavala did not raise any
   challenge to the discretionary denial in his
   opening brief, he has waived any such chal-

Zavala's motion for remand.[2]

**PETITION DENIED.**

---

lenge. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

**2.** Zavala filed an additional motion for remand after he filed the petition for review. We deny the motion for remand because it raises the same issues and requests the same relief as his petition for review. Additionally, the motion impermissibly raises new facts not in the administrative record and new arguments not raised before the BIA or in the

opening brief. *See* 8 U.S.C. § 1252(b)(4)(A); *Martinez–Serrano*, 94 F.3d at 1259–60; *Fisher v. I.N.S.*, 79 F.3d 955, 963 (9th Cir.1996) (en banc).

